I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: Sept. 30, 2009

DEPUTY CLERK



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| TIMOTHY DANE AGUIRRE,<br><br>    Petitioner,<br><br>v.<br><br>G. NEOTTI, WARDEN,<br><br>    Respondent. | Case No. EDCV 09-01744 GW (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a Petition for Writ of Habeas Corpus ("Petition") brought by Timothy Dane Aguirre ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises three claims directed at Petitioner's 1997 conviction and sentence of 25 years to life that he sustained following a guilty plea in the California Superior Court for the County of Riverside (case no. RIF72722). For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, accompanying memorandum, exhibits, and relevant

state court records[1] show Petitioner sustained his underlying conviction on April 22, 1997, and sentence on June 13, 1997. (Pet. at 2, 78.)[2] The relevant state court records also establish that the California Supreme Court (case no. S072809) denied his petition for review on September 30, 1998, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (Official records of California courts.) Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on December 29, 1998, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, December 30, 1998, and ended a year later on December 29, 1999. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not sign, date, and constructively file his pending Petition in this matter until August 26, 2009[3]

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] The pending Petition, including the attached memorandum and exhibits, is 99 pages in length. (Dkt. #1.) The pages of these documents are not consecutively numbered from the first page in violation of the pagination requirements of Local Rule 11-3.3. Consequently, for convenience and clarity, this Order shall cite to the pages of Petitioner's foregoing papers by referring to the electronic pagination supplied by the Court's CM/ECF official electronic document filing system.

[3] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201
(continued...)

1 -- 3,528 days (over 9 years) after the expiration of the limitations period.

2 Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

## C. Statutory Tolling

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254

---

3/ (...continued)
(9th Cir. 2003). The pending Petition was filed by the Clerk on September 14, 2009, however, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on August 26, 2009, the date he signed the Petition and his accompanying proof of service. (Pet. at 8, 14.)

Page 4

does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

Petitioner did not file his first motion for specific performance of his 1984 plea bargain agreement[4] with the state trial court (case no. RIF72722) until March 5, 2008, 2,989 days after the expiration of the limitations period. (Pet. at 4; Official records of California courts.) Consequently, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because they were all filed after the limitations period expired.[5] *See Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year limitations period if it has already expired). Therefore, the three claims raised in the instant Petition are untimely by 3,528 days (the amount

---

[4]  In his motion, Petitioner argued the trial court's imposition of 25 years to life sentence enhancement for his pending 1997 convictions violated the terms of his 1984 plea bargain agreement which "guaranteed that [P]etitioner would serve no more than 15 years as promised and a 1 to 5 [year] enhancement [for any] future felony conviction." (Pet. at 4-5, 19-20, 34:17-24.) Consequently, the Court finds Petitioner's motion constitutes a challenge to either the pertinent judgment or claim and is subject to collateral relief within the meaning of § 2244(d)(2) for purposes of the tolling analysis. *Smith*, 297 F.3d at 813-14 (holding that a collateral attack on a prior "enhancement" conviction constitutes a "challenge [to] either 'the pertinent judgment or claim'" under § 2244(d)(2)) (quoting *Dilworth v. Johnson*, 215 F.3d 497-500-01 (5th Cir. 2000)).

[5]  *See In re Aguirre*, No. RIF72722, Cal. Super. Ct. (filed Mar. 5, 2008, denied Apr. 7, 2008); *In re Aguirre*, No. E046570, Cal. App. Ct., 4th Dist./Div. 2 (filed Sept. 9, 2008, denied Sept. 23, 2008); *Aguirre (Timothy Dane) on H.C.*, No. S167948, Cal. Sup. Ct. (filed Oct. 31, 2008, denied Apr. 29, 2009). (Official records of California courts.)

Page 5

of untolled time between the limitations deadline (12/29/99) and the Petition's constructive filing date (08/26/09).)

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Thus, a claim of delayed accrual under this provision "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

#### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner's filings do not set forth any facts that show he is entitled to relief based upon a late discovery of the factual predicate.

///

### E. Equitable Tolling

The United States Supreme Court has not yet decided whether AEDPA's limitations period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent.'" *Id.* The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he

Page 7

seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted). Petitioner's filings do not set forth any facts that show he is entitled to equitable tolling.

## ORDER

Based on the foregoing, the Court finds the Petition is untimely. Accordingly, Petitioner shall have until **October 20, 2009**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

///

///

     Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.

     IT IS SO ORDERED.

DATED: September 29, 2009

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE